Judge Urderwood
delivered the opinion of the court.
On the 28th of October, 1809, John Adams, by William Steele his attorney in fact, executed an obligation for the conveyance of 200 acres of land, part of Richard Adams’ survey of 20,000 acres, to Richard Vallandingham, by deed, with general warranty, on or before the 25th December, 1811, in consideration of four hundred dollars. The obligation represents John Adams as acting in the capacity of administrator witli the will annexed of Richard Adams. John Adams is represented to be a citizen of Richmond, in the state of Virginia.
On the 30th October, 1812, Vallandingham assigned the obligation to Martin Stafford, who, it seems, transferred 100 of the 200 acres to Nathaniel Walker. There is an endorsement on the obligation, signed by Martin Stafford under date of the 30th November, 1812, in which he acknowledges the conveyance of 100 acres to Walker.
On the 29th March, Í827, Martin Stafford assigned the obligation to Lewis Stafford, the plaintiff in error, without recourse in event the land, or any part thereof, should be lost.
The assignor of a bond covenantir>s to „ot reinonai-' ble to a^hf-nee unless flue, beé^useíand assignor has failed — Not f‘,r tbe^on ' rióration°naid by assignee °vrr aa^ a_ p?Jj by\s¡i. i'"”" .u.n,<?ss oon* rao't* tho1 the ven rice of assignor had no title.
*343 Tn November, 1827, Lewis Stafford filed his bill against the executors of Steele and Vallangdingham, charging, that Marshall, claiming said 20,000 acres as a purchase from S. Todd, the administrator with will annexed of Richard Adams, had recovered the land embraced within the said obligation, from Martin Stafford ; that John Adams, as the administrator with the will annexed, never had authority to sell; that his power to Steele,-consequently, did not authorize him to sell; that the purchase from Steele was made on the faith of his representations, declaring John Adams was vested with the title, and the power derived from him gave to Steele ample authority to sell and convey ; that Martin Stafford purchased from Vallangdingham upon the faith of liis representations that he held the equitable title; that Steele’s power was ample, and that John Adams held the legal title ; that the purchase money had been paid to Steele, and that he had never paid over to Adams the same or any part thereof. In consequence of these allegations, and the facts aforesaid, the complainant asserts a right to reclaim the purchase money paid to Steele and likewise to hold Vallandingham answerable for the amount paid to him by Martin Stafford, and which exceeded the sum paid by Vallandingham to Steele.
Steele’s executors and Vallandingham demurred separately.
The court sustained each demurrer, and dismissed the bill, with costs.
This decree, in respect to Vallandingham, is correct. The cases of Moredock vs. Rawlings, III Monroe, 75, and Bedal vs. Stith, Ib. 290, conclusively shew that he cannot be charged unless he was guilty of fraud. It is not charged that he acted fraudulently, and thereby induced Martin Stafford to accept the assignment of the obligation. His representations, in faith of which the bill charges the contract was made, could amount to no more, unless tained by fraud, than the expression of an opinion, fhat John Adams (who may have been appointed administrator, with the will annexed, by some court in Virginia,) had title, and had authorized Steele to sell and convey. These representations cannot be *344 construed into a guarantee of the title. Therefore, so far as Vallandingham is concerned, the case is no more than the ordinary assignment of an obligation, where the assignee must pursue the obligor with diligence before he can assert a claim against ^ie assignor. The fact that Vallandingham received, more money from M Stafford than he paid Steele, cannot alter the case. It does seem to be a hardship that the assignee should have no redress where he Pays double or treble the sum which he can recover from the obligor. But the law is settled, in the cases cited, to the contrary. Assignees must abide by and can only guard against its effects by requiring an express contract.
ir A as ntforney forB,who lms n0 title,^ who is”eviofrl’ cd, C has a right to reeover the price paid, from a, if he have not paid eyP; if tho°n" money be paid ¿ver, B B (orPrepre!°' scrita fives) is ^«pwiry defondanl.-
Marshall, for plaintiff; Crittenden, for Vallan ding-, ham.
The claim of the complainant against the executors of Steele, stands upon a they get hold ofthe money which theirtestator receive(p fls aqent for Adams, and the land or any part thereof has been taken by a paramount claim, they or Adams should he required to restore it in whole or part. Upon this branch of the case, however, we sa;l^ make no comment, as it isonr opinion that Adams is a necessary party, and ought to be brought before the court, he being the principal in the oblidifferent footing. If gation. If he he a non-resident, and the funds yet remain in the hands of the represen tat at i ves of his agent, the case is a c-Rar one for the interposition of the chancellor. The court, upon the demurrer in behalf of Steele’s executors, ought to have dismissed the bill without prejudice, for want of proper parties, and it erred in dismissing, as to them, absolutely.
Wherefore, the decree, ns to Steele’s executors, is reversed, and the cause remanded for proceedings not inconsistent herewith. Vallandingham must recover his costs in this court; the other parties must, pay their own costs.
In this case, the counsel for plaintiff filed the following petition for a re-hearing, which the court overruled:
The counsel for the- plaintiff in error, would respectfully suggest, that he thinks the position assum *345 ■ed by the court, that this is but a case of an ordinary assignment, in which the assignee must use due diiligence, has heen assumed without adverting to facts which mark the claim of Stafford with distinguishing traits, and place it in another and distinct class. If obligor in a note, plead usury or the statute against gaming, or non estfaclnm, or any other' plea impugning the consideration, upon which the note was originally executed, it is not necessary that the assignee should allege or prove due diligence, to charge the assignor. Due diligence is only necessary to responsibility, when by due diligence the sum claimed might have heen coerced ; or when the failure has resulted from the insolvency or other disability or inability of the obligor ; not when the consideration, upon which the instrument assigned, has failed, and from that failure the prosecution of the obligor has proved barren and fruitless. Steele’s estate is not charged as insolvent. No attempt is made to recover from Vallandingham, the consideration paid to Steele. Stafford has lost the land, not because Steele’s estate is insolvent, but because Steele never had power to sell or convey the land. •
Shearing.' &
Stafford looks to Steele’s representatives as the source whence he is to derive the sum paid by Vallandingham to Steele. But. he paid Vallandingham for the land, more than Vallandingham had paid Steele. Is this difference to be lost ? Stafford has lost the land, not from any neglect whereby Steele became less able to convey than he was when the assignment was made, but from the original inability of Steele to make such a contract as the one assigned ; not from Steele’s insolvency, but because the original contract carried with it no obligation, and never could have been coerced. Shall he be now answered, that he did not use due diligence, when the most active diligence would only have resulted in waste of time and loss of money'? If Vallandingham was ever liable to pay Stafford the excess ever the sum paid by him to Steele, it is difficult to imagine any admitted principle which can have relieved him! unless it have heen effected by the lapse of time. Vallandingham is not charged with fraud. He, as well as Stafford, acted under a mistake.
PeiUion for a re-hearing.
The reputed intelligence of Col. Steele, and th® confidence in his integrity, were deemed by each a perfect guaranty against •delusion. W ill not the protect against the consequences of mista]^e as well as of fraud ? The land was the considerEqjon 0f the original purchase ; the land was the consideration moving to the assignee which induced him to pay his assignor, not only the first price, but the additional sum. This consideration has failed. The assignee is not the recipient of the advantage which urged him to the contract. The assignor has not only been reinstated in his original funds, and saved from loss, but he has gained from his assignee the advance paid on his purchase. He has communicated no benefit. How has this occurred ? Not through fraud, through mistake. What does honesty require ? That the assignor should, as nearly as practicable, restore to his assignee that which has passed from him without any consideration. If Stafford had used due diligence, and Steele had been insolvent, and the land lost, what would have been the sum of Vallandiugham’s liability ? The amount received, together with costs and interest. This is not considered a case in which due diligence is the pivot of responsibility. Under this view, there is no attempt to charge Vallandingham, further than the excess received, over what he paid. The assignor is admitted to be solvent; from his estate the sum received, by him, interest and costs of defending the title, he pretended to sell, are expected to be recovered. What has discharged the assignor from the balance of his responsibility ? Lapse of time has not. Time only runs in chancery from the discovery of fraud or mistake, not from the commission. The case of Moredock vs. Rawlins, ill Monroe, 75,. is not one in which the assigned bond was without obligation. The stipulations of the bond had been Complied with. A deed had been made. Upon the execution of the deed, the bond was functus officio ; the relation between assignor and assignee was annihilated. The assignor could not be charged, unless for fraud or misrepresentation. In every case when the bond for a conveyance is obligatory, it is admit» ted that the undertaking of the assignor is contin» *347 gent. He is not responsible, unless due-has been employed and lias failed. What is his-re* sponsibility, then ? He must refund the sum-- received, inteiest anti co?ls. If the has assigned be invalid, to bind the party whom-it purports to bind, and the assignee fails in consequence of that invalidity, upon what pretext can due diligence be required, unless he attempt to charge-insolvency ? And upon what grounds can the claim of the assignee be diminished ? I'he assignee is still entitled to what he has paid. The responsibility of assignor to assignee is founded upon the ■failure of consideration. When insolvency is urg* ed as evidence of such failure, due diligence is required to establish the insolvency. It is the only mode of proof admitted by the court. Will you require the same to prove that the bond was executed upon an illegal or turpid or other invalid consideration? To entitle Stafford- to recover from Yallandinghain, he must shew that he has paid afore than he has a right to recover from Steele’s estate, and that the bond assigned created no obligation upon Adams. The court cannot require him to institute a suit against Adams or his representatives in order to charge Yallandinghain.
The exhibition of their title vested in another, and the eviction of Stafford under it must be sufficient. The case of Bedal vs. Stith appears, without examination, to be in point. But that is a case wherein the bond assigned was valid and obligatory. In this case it is not.
The court, in enumerating the undertakings of an assignor, stops short. The assignor of a bond for the conveyance of land may-not undertake to warrant the title ; but he does undertake that the bond which he assigns is valid, and will enable the assignee to compel the obligor to do that which he Stipulates to do, or compensate the failure in damages. The assignor does undertake, that the bond is fair and what it purports to be, and that he who is by its terms, the obligor, is bound by the stipulations of the bond. In fine, the assignor warrants the legal and obligatory force of the instrument he *348 assigns. Valhuidingham has assigned a bond which had no legal force and binding effect corresponding with its apparent terms and stipulations Is he less bound than if he had assigned a note founded on a gambling or turpid consideration.
Ph ilion f..r a re-heaiing-
In the case of Bedal vs. Stith, the court say, the consideration had not failed. In this case the consideration has failed. The consideration was the assignment of a bond, which would enable the assignee to obtain from the representatives of R. Adams, a part of his 20,000. acres survey. Was such- a bond assigned ? It was not. It was false in its representations, and utterly destitute of obligatory force.
If the bond assigned had transferred to the assignee the legal rights which it purported to impart, then it might be said, that the consideration had been imparted to the assignee, and that, by taking the assignment,, he had agreed to look to the terms of the bond and the consequences of the covenant of warranty for all remuneration ; but when the bond was invalid, inoperative, of no obligatory force, and the assignment did not effect that which the assignee anticipated, and which would have been effected, to his benefit, had the facts existed as the bond represented them to exist, the consideration which induced the reception of the assignment utterly failed. The assignor was immediately responsible to the assignee for the amount paid him. The right to appeal to the chancellor accrued to the assignee eo instanti that he discovered the imposition and failure of consideration.
.It is respectfully urged, that this case is not in strict unison with Moredock vs. Rawlins or Bedal vs. Stith, and should riot be reduced to their standard. In each of these cases, the bond was obligatory ; in one, its stipulations had been executed, and a deed accepted. In this case the bond was inoperar - five in its origin, deceptive in its stipulations, and devoid of all legal influence.
In' the opinion of Stafford’s counsel, Vallandingham is bound to refund the whole sum paid him, together with interest and costs, yet this is not ask* *349 gel. He is only required lo refund his gains, not to place himseli in a losing condition.
■ for ¡plaintiff in errar.
The court is respectfully requested to reconsider this branch of the cause, and if the allegation of non-residence, on the part of the representatives of Aoams, be not sufficient to prevent the necessity of making them parties, it is requested that the court ■below be directed to allow the complainant time to bring .them before the court.
J. J. MARSHALL,